## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SUMMER HAYWOOD,**

    **Plaintiff,**

    **v.**               **Case No.: 6:22-cv-0584-PGB-GJK**

**FLORIDA BEVERAGE CORPORATION,**
**D/B/A RACHEL'S,**

    **Defendant.**

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AGREEMENT AND TO DISMISS WITH PREJUDICE
## AND MEMORANDUM OF LAW

Plaintiff, SUMMER HAYWOOD ("Plaintiff"), and Defendant, FLORIDA

BEVERAGE COPORATION d/b/a RACHEL's ("Defendant"), by and through their

undersigned counsel, hereby move this Court to enter an Order approving the

Parties' settlement of Plaintiff's claim under the Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201, et seq. ("FLSA"), and to dismiss this matter with

prejudice. In support of their request, the Parties submit the following:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On March 22, 2022, Plaintiff filed her Complaint [Doc. 1] alleging,

pursuant to Count IV, tip-pool violations under the FLSA [Doc. 1, ¶s 70-80].

Specifically, Plaintiff alleges that while employed for Defendant as a bartender, she was required to split her tips with non-regularly-tipped, back-of-the-house, cooks.

2.    On April 18, 2022, Defendant filed its Answer and Defenses [Doc. 9], disputing Plaintiff's claims and the allegations in Count IV. In relevant part, Defendant disputes that Plaintiff was required to participate in an unlawful tip-pool, that Plaintiff participated in an unlawful tip-pool, and that Plaintiff paid her tips to non-tipped workers. Further, Defendant raised as defenses that Plaintiff had already received all compensation that she was owed and was not entitled to any damages for her claims.

3.    The Parties subsequently engaged in settlement negotiations regarding the disputed facts, legal issues, and Plaintiff's tip-pool claim. Plaintiff's counsel and Defendant's counsel exchanged numerous emails and conferred via several telephone calls to fully evaluate and compromise the claim and defenses at issue.

4.    As a result, the Parties have now reached a settlement of Plaintiff's FLSA claim which the parties mutually stipulate and agree is fair, reasonable, and adequate. The settlement provides that Plaintiff be paid $2,000.00 in back wages, and an additional equal amount in liquidated damages, for a total sum of $4,000.00

5.    The Parties separately discussed Plaintiff's entitlement to attorney's fees and costs without regard to the amounts otherwise to be paid to Plaintiff. Defendant does not object to award of five (5) hours at $400.00 per hour for Attorney

2

Perez, for a total of $2,000.00 in attorney's fees, and an award of filing fees and service of process costs, for a total of $467.00 in costs. The time incurred by Attorney Perez includes time spent meeting with Plaintiff to discuss her claims, preparing a demand letter, various emails, pre-suit settlement negotiations with Defendant's counsel via email and telephone, correspondence, preparing the Complaint and filing same, case management conference and report preparation, post-suit settlement negotiations, and joint preparation of the instant Motion.

6.    As a result of the foregoing, Plaintiff and Defendant hereby request this Court's approval of the Parties' FLSA Settlement Agreement pertaining to Plaintiff's release of FLSA claims. A true and correct copy of the FLSA Settlement Agreement is attached hereto as Exhibit "A" for the Court's review and consideration.[1]

## II.    MEMORANDUM OF LAW AND LEGAL ANALYSIS

7.    Pursuant to the case law regarding settlement of claims arising under the FLSA, an employee may settle FLSA claims brought against an employer in a private lawsuit if the parties present the district court with a proposed settlement and the district court approves the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*,

---

[1] As addressed later in this Motion, Plaintiff and Defendant have entered into a second confidential settlement agreement providing a general release that addresses any additional claims asserted by Plaintiff.

328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961

(5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA

settlement in the litigation context, the Eleventh Circuit states:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context. The employees are likely to be represented by an attorney who
> can protect their rights under the statute. Thus, when the parties submit
> a settlement to the court for approval, the settlement is more likely to
> reflect a reasonable compromise of disputed issues than a mere waiver
> of statutory rights brought by an employer's overreaching. If a
> settlement in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or computation of
> back wages that are actually in dispute, we allow the district court to
> approve the settlement in order to promote the policy of encouraging
> settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

8.      In conducting its analysis pursuant to *Lynn's Food*, the Court should be

mindful of the strong presumption in favor of finding a settlement fair. *See e.g. Reese*

*v. Florida BC Holdings, LLC.*, Case No.: 6:17-cv-1574-CEM-GJK, 2020 WL

10486251 *3 (M.D. Fla. 2020) (Kelly, J. approving FLSA settlement observing "the

strong presumption in favor of finding settlement fair."); *accord Siebern v. H Greg*

*Auto Orlando, Inc.*, Case No.: 6:21-cv-294-WWB-GJK, 2021 WL 3082749 *2

(M.D. Fla. April 4, 2021).

4

9. Plaintiff and Defendant dispute: (1) Plaintiff being entitled to any back wages; (2) Plaintiff being entitled to any liquidated damages: (3) that Plaintiff was required to participate in a tip-pool with non-tipped employees; (4) that Plaintiff participated in a tip-pool with non-tipped employees; (5) that Plaintiff paid her tips to non-tipped workers; (6) that Plaintiff was already paid all compensation she was owed; (7) Plaintiff's entitlement to damages; and (8) if so entitled, the amount of damages to be paid to Plaintiff.

10. Despite the foregoing dispute, Defendant has agreed to pay Plaintiff $2,000.00 in back wages and $2,000.00 in liquidated damages, as a compromise to Defendant's position that Plaintiff is owed no compensation. Plaintiff, conversely, has agreed to accept the above amount as a fair and reasonable compromise of her claim in light of the numerous facts and legal issues disputed between the parties. Plaintiff also considered the difficulties of proceeding in litigation and potential evidentiary issues that may arise in substantiating her claims.

11. In exchange for Defendant's payment, Plaintiff has entered into a limited release that only releases Defendant from wage claims that Plaintiff could assert under local, state, and federal law. *See e.g. Hollis v. Petry*, 2019 WL 11499491 *3, (M.D. Fla. Oct. 9, 2019), *approved*, 2019 WL 11499490 (M.D. Fla. Oct. 28, 2019) (Berger, J.) (FLSA settlement approved releasing "any and all known or known wage and hour and wage/pay-related claims, demands, actions, or causes of

cation arising or accruing on or before the date of Plaintiff's execution of this Agreement..."); *Agers v. Kenco Signs and Awning, LLC.*, 2019 WL 11504699 *3 (M.D. Fla. Nov. 22, 2019), *approved*, 2019 WL 115046497 (M.D. Fla. Dec. 12, 2019) (Berger, J.) (FLSA settlement approved releasing "from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants...."); *accord Cooper v. Garda CL Se, Inc.*, 2015 944682 *1 (M.D. Fla. Dec. 18, 2015) ( FLSA settlement approved that releases claims that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the Fair Labor Standards Act, the Florida Constitution, and Florida's Minimum Wage Act.).

12.    To further demonstrate the fairness of the settlement, the Parties have been represented by experienced wage & hour counsel in an adversarial context, thus further demonstrating the reasonableness of settlement. *See Bonetti v Embarq Management Co.*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."); *see also Diaz v. Hillsborough County Hos. Authority*, 2000 WL 1682918 *4 (M.D. Fla. Aug. 7, 2000) (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (stating that short of fraud and collusion, the court not only may rely on the judgment of experienced counsel, but "should be hesitant to substitute its own judgment for that of counsel").

13.    To further demonstrate the fairness and reasonableness of the settlement, the agreement does not contain any offensive clauses such as (1) a broad general release; (2) a confidentiality clause; (3) a no-rehire clause; (4) a non-disparagement clause; (5) a modification clause; (6) a jury waiver clause or (6) any other "side deal." *See e.g. Boles v. Bobcat N. America, LLC.*, 2020 WL 1523277 *2 (M.D. Fla. March 24, 2020) (Court observed the FLSA settlement agreement did not contain any of the following problematic clauses: general release, confidentiality provision, non-disparagement clause, an allowance for modification without court approval, or no re-hire provision); *Raynon v. RHA/Fern Park Mr., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. Oct. 27, 2017) (Court struck jury waiver clause from FLSA settlement).

14.    Furthermore, Plaintiff agrees that she has entered into the settlement knowingly and voluntarily and after having the opportunity to fully discuss the issues with her counsel. *See generally King v. Wells Fargo Home Mortg.*, 2009 WL 2370640, *2 (M.D. Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

15.    The Parties acknowledge that the Plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff.

*See Bonetti*, 715 F.Supp.2d at 1228. This Honorable Court follows *Bonetti's* rule regarding demonstrating the reasonableness of attorney's fees. *See e.g. Davis v. CEO Recruiting, Inc.*, 2019 WL 13062634 *1-2 (M.D. Fla. Nov. 27, 2019).

16. Three (3) years ago, this Court approved a \$375 rate for Attorney Perez in the FLSA case of *Sanchez v. M&F LLC, MAFA USA, INC., Fabian Berru, & Maria Paredes,* Case No. 6:17-cv-1752-Orl-22LRH (M.D. Fla. August 12, 2020) (\$10,000 Judgment for employee in unpaid wages FLSA case and award of \$80,587.50 in attorney's fees and \$2,087.64 in costs to Perez Law, PA). Plaintiff's attorney's fees and costs in the sum of \$2,467.00 are therefore reasonable, and separate from and will in no way affect the amounts awarded to Plaintiff.

17. In addition to settling the FLSA claim, the Parties have separately resolved any and all additional claims Plaintiff may have against Defendant in a second confidential settlement agreement that contains a general release.

18. It is appropriate for the Parties to resolve all issues between them because "a settlement must necessarily address all of the parties' claims." *Bright v. Mental Health Resources Center, Inc.*, 2012 WL 866804 *5 (M.D. Fla. March 14, 2012). As such, Courts approve FLSA settlements where the Parties have a second confidential agreement resolving non-FLSA claims. *See Landfair v. Optimal Phone Interpreters, Inc.*, 2013 WL 12388629 *3 (M.D. Fla. June 20, 2013) (The "existence of a separate agreement settling the ADA claim and non-FLSA claims, with separate

consideration paid, [is not] an impediment to the FLSA settlement."), *accord Roman v. Lopez*, 2020 WL 1650596 *3 (M.D. Fla. March 31, 2020); *Stevenson v. RBC Bank USA, Inc.*, 2011 WL 4412155 *1 (M.D. Fla. Aug. 19, 2011).

19. Courts approve an FLSA settlement when the Parties have entered a separate agreement when: (1) they present the second agreement to the Court or (2) the Parties address the consideration made or potential claims waived. *Cf Carpenter v. Gregory Pest Solution*, 2020 WL 1853641 *2 (M.D. Fla. March 24, 2020).

20. The release in the second agreement encompasses Plaintiff's claims for alleged violations of the: (i) Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, ("FMLA"); (ii) the Families First Coronavirus Response Act of 2020, 29 U.S.C. § 2601, *et seq*. ("FFCRA"), (iii) the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA"), and (iv) the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); and any and all other claims that Plaintiff has or may have against Defendant.

21. The second agreement contains significant additional monetary consideration to Plaintiff for the general release. The monetary amount is more than the amounts Courts have deemed sufficient consideration for a general release in an FLSA agreement. *See Pipes v. Ace & W Investments, LLC.*, 2019 WL 913360 *4 (M.D. Fla. Feb. 22, 2019) (Kelly, J. recommended approval of FLSA settlement with general release supported by an additional $100.00); *Ramnaraine v. Super*

9

*Transportation of Florida, LLC.*, 2016 WL 1376358 *3 (M.D. Fla. March 28, 2016)
(Kelly, J. recommended approval of FLSA settlement with general release supported
by an additional $100.00); *Mariani-Rios v. Melao Bakery, LLC.*, 2017 WL 2644379
* 4 (M.D. Fla. June 7, 2017) ) (Kelly, J. recommended approval of FLSA settlement
with general release supported by an additional $100.00); *accord Reed v. City of
Apopka*, 2017 WL 11025813 *2 M.D. Fla. Dec. 19, 2017) (Approved FLSA
settlement with general release supported by an additional $100.00); *Singh v.
Petersen Roofing and Solare Systems, Inc.*, 2018 WL 3235572 * (M.D. Fla. June 6,
2018) (Approved FLSA settlement with general release, non-disparagement clause,
and confidentiality clause where the foregoing were supported by the aggregate
amount of $600.00).

22.    The Parties represent to the Court that the FLSA Settlement is in no
way "contaminated" by the settlement of the non-FLSA claims. *See e.g. Yost v.
Wyndham Vacation Resorts, Inc.*, 2012 WL 1165598 *3 (M.D. Fla. March 26, 2012)
("Because Lynn's Foods, 679 F.2d at 1355, only requires 'compromises of FLSA
back wage or liquidated damage claims' to be presented to the District Court for a
determination of whether the proposed settlement is fair and reasonable, the Court
does not need to review the parties' settlement of Plaintiff's other claims, provided
its terms do not serve to contaminate the Agreement as to the FLSA claim."

(emphasis added)); *accord Johnson v. Overdrive Systems II, Inc.*, 2016 WL 3511758
*2 (M.D. Fla. June 1, 2016).

23.    It is presumed that the resolution of the non-FLSA claims does not
contaminate or taint Plaintiff's wage claims unless there is some suggestion or
evidence of such contamination. *See e.g. Yost*, 2012 WL 1165598 *3 ("There is no
suggestion that the settlement of Plaintiff's other claims in any way undermines the
parties [FLSA wage] Agreement."). There is no suggestion here that the resolution
of Plaintiff's non-FLSA claims undermines her FLSA claim.

24.    Furthermore, Plaintiff's FLSA claim is excluded from the terms of the
second confidential agreement. (Exhibit "A" at ¶ 8); *see e.g. Roman v. Lopez*, 2020
WL 1650593 *4 (M.D. Fla. March 31, 2020) (The Court noted that the parties
represented that the confidential agreement excluded the FLSA claim).

25.    Finally, the resolution of the non-FLSA claims are not contingent on
approval of the FLSA wage case, (Exhibit "A" at ¶ 8), or in any other way
intertwined with the terms of the FLSA wage settlement. *See e.g. Mathis v. Metro
Corral Partners, Inc.*, 2014 WL 12872832 *1 (M.D. Fla. Aug. 6, 2014). Thus, the
Parties did not give a single assent to resolve all disputes between them including
FLSA wage claims, but rather separate assent to the non-FLSA claims individually
and then the FLSA wage claim. Thus, the resolution of the non-FLSA claims could
not and did not contaminate the FLSA wage case.

11

26.     If the Court finds any portion of the FLSA Settlement Agreement

objectionable, the Parties request that the Court invoke the agreement's severability

clause and strike the objectionable portion from the agreement. *Monahan v.*

*Rehoboth Hospitality, Inc.*, 2015 WL 9258244 \*2 (M.D. Fla. Dec. 18, 2015)

("Where the FLSA settlement contains a severability provision, the Court would

simply strike" the objectionable language from the agreement and enforce the

remainder of the agreement.).

**WHEREFORE**, the Parties respectfully request that this Court enter an Order

approving the FLSA Settlement Agreement and dismissing Count IV with prejudice.

Dated:  February 15, 2023.

*/s/ Daniel A. Perez*
DANIEL A. PEREZ, ESQ.
Florida Bar No: 426903
Pérez Law P.A.
860 N. Orange Ave., Ste. 135
Orlando, FL 32801
Tel: 407-815-2250
Fax: 407-815-2257
dan@perezlawpa.com
Attorney for Plaintiff

*/s/ Justin McConnell*
JUSTIN McCONNELL, ESQ.
Florida Bar No: 112631
Fisher & Phillips, LLP
200 S. Orange Ave., Ste. 1100
Orlando, FL 32801
Tel: (407) 541-0888
Fax: 407-541-8887
jmcconnell@fisherphillips.com
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of February 2023, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF. I also

certify that the foregoing document is being served this day on all counsel of record

via transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to

receive electronic Notices of Electronic Filing.

/s/ Daniel A. Perez
Daniel A. Perez

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SUMMER HAYWOOD,**

    **Plaintiff,**

    v.                    **Case No.: 6:22-cv-0584-PGB-GJK**

**FLORIDA BEVERAGE CORPORATION,**
**D/B/A RACHEL'S,**

    **Defendant.**

_____/

### SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS

This Settlement Agreement and Release of Wage Claims ("Agreement") is made this 9th day of February 2023, by and between Summer Haywood ("Plaintiff"), and Florida Beverage Corporation d/b/a Rachel's ("Defendant") (the "Parties");

WHEREAS, Plaintiff filed a lawsuit in the above captioned case alleging a tip pool violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendant denies liability herein and any wrongdoing; and

WHEREAS, Parties wish to resolve the FLSA controversy between them;

NOW, THEREFORE, it is hereby, STIPULATED AND AGREED by and between the undersigned Parties that the above-entitled matter is hereby resolved as follows:

    **1.**     **RECITALS**. The foregoing recitals are true and correct and are



EXHIBIT

A

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 2 of 7*

incorporated herein by this reference.

## 2.    **RELEASE OF FLSA CLAIMS**.

a    This Agreement shall constitute a waiver and release of: (1) any and all wage claims pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, Fla. Stat. § 448.110, the Florida Constitution, Florida common law, and any county or city ordinance to include liquidated damages awardable on such claims Plaintiff might have against Defendant, and (2) any claims for attorneys' fees, costs, and expenses expended in the prosecution of Plaintiff's FLSA claim.

b.    Upon execution of this Agreement, counsel for the Parties shall file a Joint Motion for Approval of Settlement with the Court. On or before the fifteenth (15th) business day after the Court enters an Order approving this Agreement, Defendant shall pay the amounts due pursuant to Paragraph 3 below.

c.    Plaintiff hereby knowingly and voluntarily releases Defendant from all wage claims arising under 29 U.S.C. § 206, 29 U.S.C. § 207, Fla. Stat. § 448.110, the Florida Constitution, Florida common law, and any county or city ordinance to include liquidated damages awardable on such claims and attorney's fees and costs awardable on such claims.

## 3.    **CONSIDERATION**.

If: (1) Plaintiff executes this Agreement, and (2) the Court approves this Agreement, then in consideration of the matters set forth herein, Defendant shall, on

2

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 3 of 7*

or before the fifteenth (15) business day after the date the Court enters an Order approving this Agreement, pay to Plaintiff the following, ("Settlement Sum"):

- $2,000.00 made payable to Plaintiff, as and for back pay compensation allegedly due to Plaintiff pursuant to the FLSA; this amount shall be subject to standard deductions or withholdings and for which an IRS Form W-2 shall be issued to Plaintiff; Plaintiff will provide Defendant with an executed W-4 Form as a prerequisite to making such payment;

- $2,000.00 made payable to Plaintiff, as and for liquidated damages allegedly due Plaintiff pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall be issued to Plaintiff; Plaintiff will provide Defendant with an executed W-9 Form as a prerequisite to making such payment; and,

- $2,467.00, made payable to Pérez Law, P.A., as attorneys' fees and costs incurred in connection with Plaintiff's claims and for which an IRS Forms 1099 shall be issued to Pérez Law, P.A.; Pérez Law, P.A. will provide Defendant with an executed W-9 Form as a prerequisite to making such payment.

4. **ATTORNEY'S FEES AND COSTS**. The Parties and their counsel represent that the settlement of Plaintiff's claim for attorney's fees and costs was addressed independently of the settlement of Plaintiff's FLSA claim for unpaid overtime compensation and liquidated damages, and without regard to the amount

3

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 4 of 7*

paid to Plaintiff in settlement of the FLSA claim.

     **5.**    **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation of the FLSA, and Defendant expressly denies any liability or unlawful conduct.

     **6.**    **OPPORTUNITY TO REVIEW**.  Plaintiff is aware she is giving up all wage claims arising under 29 U.S.C. § 206, 29 U.S.C. § 207, Fla. Stat. § 448.110, the Florida Constitution, Florida common law, and any county or city ordinance that she may have against Defendant. Plaintiff acknowledges that she is entering this Agreement knowingly and voluntarily. She further acknowledges she has been advised to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, Pérez Law, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

     **7.**    **FLSA ACKNOWLEDGMENT**.  In releasing her FLSA Claims, Plaintiff acknowledges that this Agreement is fair and reasonable. Plaintiff also acknowledges the Fair Labor Standards Act claim was the subject of a bona fide dispute between the Parties as to its validity, and that Defendant has asserted that various defenses apply to her claim.

4

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 5 of 7*

8.     **SETTLEMENT AGREEMENT ENTERED SEPARATELY**.

In entering this agreement, the Parties acknowledge that this agreement was entered into separately and without regard to the amount paid to Plaintiff for her general release of other claims. The general release is the subject of a separate confidential agreement entered into unrelated to this agreement and settles all other claims Plaintiff has against Defendant regardless of the outcome of Plaintiff's FLSA claims. The Parties further acknowledge that Plaintiff's FLSA claims are completely excluded from the separate confidential agreement.

10.     **SEVERANCE**. Should any provisions of this Agreement be declared or determined to be illegal or invalid, such provision shall be severed and the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

11.     **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

12.     **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement and understanding between Plaintiff and Defendant as to settlement of Plaintiff's FLSA claim. Plaintiff acknowledges she has not relied on any

5

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 6 of 7*

representations, promises, or agreements of any kind made to her in connection with

her decision to sign this Agreement, except those set forth in this Agreement.

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS RELATED TO HER FLSA CLAIM THAT SHE HAS OR MIGHT HAVE AGAINST DEFENDANT, AS OF THE DATE OF THE EXECUTION OF THIS AGREEMENT.**

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURE PAGE IMMEDIATELY FOLLOWS]

6

*Summer Haywood v. Florida Beverage Corporation d/b/a Rachel's*
*Case No.: 6:22-cv-0584-PGB-GJK*
*Page 7 of 7*

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the

undersigned Parties have executed the foregoing Settlement Agreement and

Release of Wage Claims.

**PLAINTIFF**

Summer Haywood (Feb 9, 2023 11:36 EST)

Summer Haywood

Date: Feb 9, 2023

**DEFENDANT, FLORIDA
BEVERAGE CORPORATION
d/b/a RACHEL'S**

By:
Eugene DuPont, Manager

Date: 2/10/23

7